IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:12-CR-211 ALM |
| | § | |
| JAMES MURRAY | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 11, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Gabriel Robles. The Government was represented by Andrew Stover.

On January 24, 2014, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of seventy-two (72) months imprisonment followed by a three (3) year term of supervised release for the offense of Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine. On August 7, 2015, the Court granted a motion, pursuanct to 18 U.S.C. § 3582(c)(2), reducing the term of imprisonment to fifty-seven (57) months. Defendant began his term of supervision on October 31, 2016. On November 3, 2015, the case was tranferred to the Honorable Amos L. Mazzant, III, U.S. District Judge for the Eastern District of Texas.

On February 23, 2018, the U.S. Probation Officer filed an Amended Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 238). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another

1

federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall not commit another federal, state, or local crime; (4) Defendant shall not unlawfully possess a controlled substance; (5) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician; (6) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (7) Defendant shall not unlawfully possess a controlled substance; (8) Defendant shall refrain from any unlawful use of a controlled substance; (9) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician; (10) Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon; and (11) Defendant shall not associate with any person engaged in criminal activity, and shall not associate with any person convicted if a felony unless granted permission to do so by the probation officer.

The Petition alleges that Defendant committed the following violations: (1) On February 14, 2018, Defendant was indicted, in the Eastern District of Texas, Case No. 4:18-cr-19(3), for the new federal crime of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846 and 841(a)(1). Defendant was incarcerated in the Lamar County Jail at the time of the indictment and remains in custody as of the writing of the Amended Petition; (2) On January 29, 2018, members of the Paris, Texas Police Department and Lamar County Sheriff's Office were conducting surveillance on Defendant's residence, located at 932 East Washington Street in Paris, Texas. Police reports indicated officers observed Defendant and current federal

supervisee (co-defendant in the instant federal case) Ronald Winn, at the residence for several hours. A traffic stop was initiated on Ronald Winn after he left the residence, and Ronald Winn's identity was confirmed. This association was not previously approved by the probation officer. Police then established contact with Defendant, and a man identified as Jason Swindell, at Defendant's residence. Defendant was detained for the active federal warrant in connection with his violation of supervised release, and each man was found to be in possession of methamphetamine, in violation of Texas Health and Safety Code Sec. 481.115. Both individuals were taken into custody and transported to the Lamar County Jail pending further investigation; (3) On December 19, 2017, Defendant possessed an illegal controlled substance, methamphetamine, in violation of Texas Health and Safety Code Sec. 481.115. On said date, U.S. Probation Officers Hunter Eppes and Elizabeth McAlpin conducted an unannounced home visit with Defendant. Defendant permitted entry into the home and in plain view on the kitchen table, probation officers observed two metal spoons, small pieces of cotton, an open metal tin with a plastic baggy containing a crystalized substance, and an exposed hypodermic needle containing a liquid substance. Defendant verbally admitted the crystalized substance was methamphetamine, and that he possessed the drug with intent of using it intravenously. Defendant then submitted a urine specimen which tested positive for methamphetamine. Defendant signed a written admission for confirmng the illicit drug use and Paris, Texas police officers were called to the scene. Police then seized the drugs and contraband, and detained Defendant pending further investigation; (4) On the evening of December 19, 2017, Paris, Texas police officers obtained and executed a search warrant on Defendant's residence, located at 932 East Washington Street, Paris, Texas. Police reports indicated sixty-four (64) 12-gauge shotgun shells, and thirteen (13) 20-gauge shotgun shells, were recovered from a bedroom during the search;

3

and (5) On February 27, 2017, Defendant signed a written admission form confirming his association with a convicted felon, Antonio Saldana, without prior permission from the probation officer.

At the hearing, Defendant entered a plea of true to Allegations 1 through 9, and 11. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the April 11, 2019, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months, with no supervised release to follow, to run consecutively to any other sentence being served.

**SIGNED this 3rd day of May, 2019.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE